**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DENISE ROSA,**

                 **Plaintiff,**

**-vs-**                                                                        **Case No. 6:11-cv-1864-Orl-28KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                 **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (Doc. No. 12)** |
| **FILED:** | **February 28, 2012** |

**I. PROCEDURAL HISTORY.**

On November 21, 2011, Plaintiff Denise Rosa, representing herself, filed a cover sheet entitled "Complaint." Doc. No. 1. On December 6, 2011, Rosa filed an amended complaint pursuant to the instruction of the Court. Doc. No. 4. She alleged that she had attended hearings apparently related to an application she filed with Defendant Commissioner of Social Security ("Commissioner") for disability benefits. *Id*. She wrote, in part, "I feel like my case needs to be looked at better than it was . . . ." *Id*. at 3.

The Commissioner filed the above-referenced motion, which the Court notified Rosa would be treated as a motion for summary judgment. Doc. Nos. 12, 13. Rosa filed a document in response to the motion for summary judgment on March 21, 2012, but she failed to address the issues raised in the motion

for summary judgment. Doc. No. 14. The motion for summary judgment was referred to the undersigne3d for the issuance of a report and recommendation and is ripe for disposition.

## II.     STATEMENT OF FACTS.

Rosa alleges that she was represented in proceedings before the Social Security Administration by her "Lawyer Ron Pekoe." Doc. No. 4 at 2. She alleged that her application for disability benefits was denied after a hearing on January 11, 2011 and then denied a third time, but she does not allege the date of that denial. *Id.*[1]

The Commissioner presented the Declaration of Patrick J. Herbst, who is the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operation, Office of Disability and Adjudication Review, Social Security Administration. Doc. No. 12-1. Herbst averred as follows:

On January 20, 2011, an Administrative Law Judge (ALJ) issued a decision denying Rosa's claims for social security disability benefits. The ALJ's decision reflects that Rosa was represented by Ron Pekoe, who is not an attorney. *Id.* ¶ 3(a) & Ex. 1. Rosa requested review of the decision by the Appeals Council. On June 9, 2011, the Appeals Council sent a letter to Rosa with a copy to her representative notifying her of the Appeals Council's denial of her request for review and advising her that she had the right to commence a civil action within 60 days from the date of receipt. *Id.* ¶ 3(a) & Ex. 2. The letter reflects that it was addressed to Rosa only at "General Delivery, Orlando, Florida 32802." *Id.* Ex. 2. It further reflects that a copy of the letter was sent to "Ron Pekoe, Representative, 1850 Lee Rd, Suite 326, Winter Park, Florida 32789." *Id.* Herbst is not aware that Rosa or her representative requested an extension of time to file a civil action. *Id.* ¶ 3(b). The present case was not filed until November 21, 2011. *Id.* ¶ 3(c).

---

[1] In the Court's experience, there are generally four levels of denial at the administrative level before a Social Security disability case reaches the court: the initial review; the reconsideration review; the ALJ's decision; and the Appeal Council's decision. It appears that Rosa's reference to a denial after the denial by the ALJ following a hearing refers to denial by the Appeals Council.

## II.   ANALYSIS.

The relevant statute of limitations requires that a lawsuit challenging the denial of social security disability benefits be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Matthews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976))(Sixty day time limit "constitutes a period of limitations"). A federal regulation extends the date for filing to sixty days after receipt of the notice and establishes a rebuttable presumption that the receipt occurred "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 422.210(c).

In the present case, the notice was not properly addressed to Rosa, as it provided only the city and zip code as her address. This is a reasonable showing sufficient to rebut the presumption that Rosa received the notice five days after the date of the notice.

However, Herbst's declaration and the notice reflect that the notice was also sent to Rosa's representative at a recognizable delivery address. In *Roberts v. Shalala*, 848 F. Supp. 1008, 1013 (M.D. Ga. 1994), the court found that giving notice to a claimant's representative was "on equal footing with notice sent to the claimant" for purposes of calculating the date by which a complaint must be filed. Therefore, the court held that "[i]n those cases in which a representative has been designated by a claimant according to the regulations, this court would begin the sixty day period for filing an appeal from the date of notification of the *representative*, whether it be the presumed date of notification or the actual date established by reasonable evidence." *Id.* at 1015 (original emphasis).

In the present case, Rosa admitted in her amended complaint that she was represented by Ron Pekoe. The ALJ's decision, authenticated by Herbst, confirms that Pekoe was Rosa's representative. Accordingly, pursuant to the analysis in *Roberts*, the sixty-day period to file the complaint in this case

presumptively began to run five days after the June 9, 2011 date of the notice letter mailed to Pekoe, which starting date would be no later than June 16, 2011.[2] Sixty days from June 16, 2011 is August 15, 2011. Rosa did not file her initial complaint until November 21, 2011.

Accordingly, the undisputed material facts show that Rosa did not file her complaint within sixty days of the presumptive date that her representative received the notice of the Appeals Council's denial of her request for review. Therefore, her complaint was not timely filed.

## III. RECOMMENDATION.

For the reasons set forth herein, it is **RESPECTFULLY RECOMMENDED** that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 12) be **GRANTED**, that the case be **DISMISSED**, and that the Clerk of Court be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** in Orlando, Florida on June 18, 2012.

                                             *Karla R. Spaulding*
                                             KARLA R. SPAULDING
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Computed by not counting the date of the notice and not counting intervening weekends and holidays.